UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHODNEY MILLS,

    Plaintiff,

v.                                          Case No:   8:14-cv-2905-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Rhodney Mills appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for supplemental security income ("SSI"). For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded pursuant to 42 U.S.C. § 405(g), sentence four.

    I.      Issues on Appeal

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff had past relevant work as a kitchen helper; (2) whether the ALJ properly considered the opinions of Dr. Olga Garcia; and (3) whether the ALJ erred in relying upon the Medical-Vocational rules when determining that jobs exists in the national economy that Plaintiff can perform.

    II.     Procedural History and Summary of the ALJ's Decision

Plaintiff filed an application for SSI alleging a disability that began on June 1, 2011. Tr. 222. The Social Security Administration denied his claim initially on

October 16, 2012 and upon reconsideration on January 24, 2013. Tr. 126-31, 137-41. Plaintiff requested and received a hearing before ALJ Daniel A. Piloseno, Jr., on November 18, 2013, during which he was represented by an attorney. Tr. 35-63. Plaintiff and vocational expert ("VE") Selena Earl testified at the hearing. *Id.* The ALJ issued an unfavorable decision on December 11, 2013. Tr. 18-28.

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 14, 2012, the application date. Tr. 20. At step two, the ALJ determined that Plaintiff had the following severe impairments: liver enlargement; chronic anemia; major depressive disorder; schizoaffective disorder; human immunodeficiency virus - positive and alcohol use. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix." *Id.*

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 416.967(c) except he cannot climb ladders, ropes, or scaffolds. He should have no exposure to hazardous machinery or unprotected heights. He is able to maintain concentration, persistence, or pace about 95% of the workday, exclusive of workday breaks. His interaction with the public is limited to frequent. His interaction with co-workers and or supervisors is limited to frequent throughout the workday.

Tr. 23. The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but his statements

concerning intensity, persistence and limiting effects of the symptoms are not fully credible. Tr. 26. The ALJ found that Plaintiff is capable of performing his past relevant work ("PRW") as a kitchen helper. Tr. 27. Alternatively, the ALJ found based on the Medical Vocational Rules (the "Grids") that there are jobs that exist in the national economy that Plaintiff can perform. Tr. 27-28.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals counsel, which was denied on June 13, 2014. Tr. 5-7. Accordingly, the December 11, 2013 opinion is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on November 20, 2014. Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520; 416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Eleventh Circuit has noted that the Commissioner's burden at step five is temporary, because "[i]f the Commissioner presents evidence that other work exists in significant numbers in the national economy, 'to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists.'" *Atha*, 616 F. App'x at 933 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir.2001)). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (*citing Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner, 2015 WL 1453364*, at *2 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)).

IV. Discussion

    a. *Whether the ALJ erred in finding that Plaintiff had PRW as a kitchen helper*

Plaintiff alleges that the ALJ erred when he found that Plaintiff had PRW as a kitchen helper. Doc. 23 at 2. Plaintiff asserts that he never engaged in substantial gainful activity. *Id.* at 5-6. He states that the VE identified a past job

as a kitchen helper as being performed in 2000, but during that year Plaintiff only earned $674.75 divided among three different employers. *Id.* at 6. The Commissioner responds that Plaintiff's argument that his PRW does not qualify as PRW lacks merit because Plaintiff "wrongly presupposes that monthly income is derived by looking at the earnings for an entire calendar year." Doc. 24 at 4-5.

Step four of the sequential evaluation process requires the ALJ to determine whether the Plaintiff's RFC allows him to perform any of his PRW. 20 C.F.R. § 416.920(a)(4)(iv). Plaintiff bears the burden of showing that his past work experience is not PRW. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). PRW is defined as, "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(a)(1). "Substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 416.972. Substantial work activity involves doing both mental and physical activities. 20 C.F.R. § 416.972(a). Work may be "substantial" even "if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 416.972(a). Work is considered "gainful" if it is the kind of work that is typically done for pay or profit, even if the profit is not realized. 20 C.F.R. § 416.972(b). If a claimant's monthly earnings averaged more than $700 per month from July 1999 through December 2000, it ordinarily would indicate that the claimant has engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(i).

Plaintiff argues that he never engaged substantial gainful activity. Doc. 23 at 5. A VE indicated that Plaintiff had worked as a kitchen helper in 2000. Tr. 329. Plaintiff argues that he earned only $674.75 during that entire year, and that amount was split among three different employers. Doc. 23 at 6. In response, the Commissioner states that Plaintiff reported he performed the kitchen helper job eight-hours per day, five days per week, at $6.00 per hour, which would equate to $960.00 per month. Doc. 24 at 6; *see* Tr. 303.

The Commissioner relies upon *Underwood v. Comm'r of Soc. Sec.*, 2013 WL 1748050 (M.D. Fla. 2013) for its position that because Plaintiff's work was "off and on" due to his being in and out of jail, his earnings in 2000 do not accurately reflect that his work was substantial gainful employment. Doc. 24 at 5 (citing *Underwood,* 2013 WL 1748050, at *12. In *Underwood*, the plaintiff argued that although he worked off and on as a telemarketer from 2000 to 2004, because his average monthly earnings did not exceed the monetary indicator for substantial gainful activity his work as a telemarketer was not PRW. *Id.* at *12. The court stated that because Plaintiff's work as a telemarketer was not continuous, "[a] more accurate evaluation of whether Plaintiff's work as a telemarketer was [substantial gainful activity] would be to evaluate Plaintiff's own report of his work schedule and earnings." *Id.* Because Plaintiff reported that he worked eight hours per day, six days per week, at a rate of $6.00 per hour, the court concluded that Plaintiff's monthly earnings would exceed the indicator for substantial gainful activity. *Id.* Thus, the court held that Plaintiff's work as a telemarketer qualified as PRW. *Id.*

Similarly, the Commissioner notes here that Plaintiff reported that he worked as a kitchen helper eight hours a day, five days per week, at a rate of $6.00 per hour. Doc. 24 at 5 (citing Tr. 27, 305). This equates to $960.00 per month, which is greater than the $700.00 per month indicator of substantial gainful activity from July 1999 through December 2000. 20 C.F.R. § 404.1574(b)(2)(i). Thus, the Commissioner contends that Plaintiff's work as a kitchen helper qualifies as PRW.

While the Court recognizes the Commissioner's argument, the Court finds it inapplicable to the facts of this case because here the ALJ explicitly found that Plaintiff had no substantial gainful activity since the early 1990s. Tr. 24. The ALJ acknowledged that Plaintiff had not worked for some time because he was in and out of prison. *Id.* The ALJ specifically stated, however, that "a review of the [Plaintiff's] earnings record reveals many years of insignificant work activity, large gaps in earned income, and *no substantial gainful activity since the early 1990s.*" *Id.* (emphasis added). Thus, the ALJ's conclusion that Plaintiff could perform his past relevant work as a kitchen helper is inconsistent with the ALJ's finding that Plaintiff had no substantial gainful activity since the early 1990s. Because PRW is defined as substantial gainful activity performed within the last 15 years, and the ALJ concluded that Plaintiff had no substantial gainful activity since the early 1990s, it was contradictory for the ALJ to find that Plaintiff had PRW as a kitchen helper. While the Commissioner's argument that Plaintiff's work is substantial gainful activity may have some merit, because the ALJ's conclusions are conflicting, the Court must remand this case for the ALJ to address the discrepancy. It is unclear

to the Court whether the ALJ's findings are supported by substantial evidence when there is an inconsistency in the opinion. In such circumstances, remand is proper.

### b. *Whether the ALJ properly considered the opinions of Dr. Olga Garcia*

Next Plaintiff argues that the ALJ substituted his opinion for that of Dr. Olga Garcia, a state agency medical consultant, when he accorded lesser limitations than those found by Dr. Garcia. Doc. 23 at 7. The Commissioner responds that the ALJ applied the proper legal standards when he considered Dr. Garcia's opinions in conjunction with the other evidence presented. Doc. 24 at 9-10. The Court finds no error.

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ; but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner. SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-(2). Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical

specialists. 20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).

In the Eleventh Circuit, the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 630 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) (per curiam). The court reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." 630 F.3d at 1179 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). An ALJ who fails to "state with at least some measure of clarity the grounds for his decision" cannot be affirmed because the court cannot perform its duty to "scrutinize the record as a whole to determine whether the conclusions reached are rational." 630 F.3d at 1179 (citations omitted).

Dr. Garcia completed a physical RFC assessment and opined that Plaintiff occasionally could lift and/or carry twenty pounds, frequently lift and or/carry ten pounds, stand and/or walk (with normal breaks) about six hours in an eight hour workday, sit (with normal breaks) for a total of six hours in an eight hour workday, and engage in unlimited pushing and/or pulling other than shown for lift and/or carry. Tr. 114. Dr. Garcia's opinion that Plaintiff could only occasionally lift and/or carry twenty pounds and only ten pounds frequently would place Plaintiff in the light work category.[1] 20 C.F.R. § 416.967(b). The ALJ concluded that Plaintiff has the RFC to

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lighting

perform medium work which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." Tr. 23, 20 C.F.R. § 416.967(c). The ALJ stated that he "accorded lesser limitations based on totality of the evidence, which generally reveals few significant findings and an asymptomatic HIV condition." Tr. 26.

The Court finds no error is the ALJ's decision to accord lesser limitations in Plaintiff's RFC. The regulations state that an ALJ will consider all of the relevant medical evidence and other evidence when determining Plaintiff's RFC. 20 C.F.R. § 416.945(a)(3). Plaintiff appears to argue that because Dr. Garcia was the only medical source to provide an opinion as to Plaintiff's RFC, that the ALJ was required to rely upon that opinion. Doc. 23 at 7. Plaintiff asserts that if the ALJ thought that the opinion was not supported by the evidence, that he could have sent Plaintiff for an updated consultative examination or he could have used the services of a medical advisor to give an opinion at the hearing. *Id.* Plaintiff provides no legal authority to support his position. As noted by the Commissioner, "[a]lthough the ALJ may not substitute his own opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his RFC finding." Doc. 24 at 7 (quoting *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009)). Additionally, less weight typically is given to state agency consultants than treating source opinions. 20 C.F.R. § 416.927(c)(2). ALJs are not bound to the findings of a state agency consultant. 20 C.F.R. § 416.927(e)(2)(i).

---

or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

Here, the ALJ considered Dr. Garcia's opinions in addition to the other relevant evidence and found lesser limitations appropriate for Plaintiff's RFC. Tr. 26. While the Court finds no error in this analysis, because the Court is remanding this case the Court will direct the ALJ to reconsider the opinions of Dr. Garcia.

> c. *Whether the ALJ erred in relying upon the Medical-Vocational rules when determining that jobs exists in the national economy that Plaintiff can perform*

Plaintiff's final argument alleges that the ALJ erred in failing to obtain a VE despite the presence of significant non-exertional impairments. Doc. 23 at 8. The Commissioner concedes this argument. Doc. 24 at 6-7 n.4. Specifically, the Commissioner states:

> Plaintiff challenges the alternative step five finding in the third issue of his brief, arguing this (sic) his nonexertional and mental limitations preclude the use of the grids (Doc. 23 at 8-10). The Commissioner agrees that the ALJ's RFC finding includes several nonexertional and mental limitations, and thus, the Commissioner does not dispute the third issue raised in Plaintiff's brief (Doc. 23 at 17-19). However, as demonstrated above, the ALJ properly found that Plaintiff can return to his past relevant work as a kitchen helper and was not disabled, and substantial evidence supports this finding.

Doc. 24 at 6-7 n.4. Because the Court previously found that the ALJ's decision that Plaintiff can return to PRW is not supported by substantial evidence and the Commissioner concedes that the ALJ erred in failing to consult a VE, to which the Court agrees, the Court also directs the ALJ to consult a VE at step five to address whether there are jobs that exist in the national economy in light of Plaintiff's non-exertional limitations.

In a disability determination, once a claimant proves that he can no longer perform his PRW, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). One way for the Commissioner to carry this burden is through an application of the Medical-Vocational Guidelines, also known as the "grids." *See* 20 C.F.R. pt. 404, subpt. P, app. 2. When a claimant cannot perform substantially all of the exertional demands of a given work level and/or has non-exertional limitations, the grids are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or non-exertional limitations. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

"'[E]xclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). "It is only when the claimant can clearly do unlimited types of light work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); *See also Phillips*, 357 F.3d at 1242. Accordingly, "[w]hen a claimant cannot perform a full range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that a

claimant can perform other jobs is through the testimony of a VE." *Smith*, 272 F. App'x at 799-800 (citing *Jones*, 190 F.3d at 1229). If non-exertional impairments are minor or are found to be not credible, however, exclusive reliance on the grids is appropriate. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 826 (11th Cir. 2010).

Here, the ALJ found that Plaintiff could perform his PRW as a kitchen helper and therefore was not disabled. Tr. 27. The Court, however, found this finding to be inconsistent with the ALJ's prior finding that Plaintiff had not engaged in substantial gainful activity since the 1990s. Tr. 24, *see* discussion *supra* Sec. IV.*a*. Thus, the Court is remanding this case for the ALJ to address that discrepancy. While not required because the ALJ found that Plaintiff could perform his PRW, the ALJ issued an alternative finding in his decision. Tr. 27. The ALJ stated, "even if the [Plaintiff] could not perform his past relevant work, he could do other substantial gainful activity under rule 203.29. . . ." *Id.* The ALJ relied upon the Grids to determine that there are other jobs Plaintiff can perform, and he therefore is not disabled.

As noted, it is improper to rely upon the grids when Plaintiff has non-exertional impairments that can limit his basic work skills. *Phillips*, 357 F.3d at 1242. Plaintiff and the Commissioner agree that the ALJ's RFC finding include several non-exertional impairments and mental limitations. Thus, the testimony of a VE was required at step five to determine the degree, if any, of the reduction of the occupational base available to Plaintiff given his RFC and additional limitations.

Accordingly, the Court finds that the ALJ's decision in that regard is not supported by substantial evidence.

## V.   Conclusion

Upon review of the record, the undersigned concludes that the ALJ failed to apply the proper legal standards when he found that Plaintiff had not engaged in substantial activity since 1990, but later found that Plaintiff could perform PRW. Moreover, the ALJ failed to obtain testimony from a VE after finding that Plaintiff has non-exertional impairments.   Therefore, the Court finds that the ALJ's decision is not supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g); for the Commissioner to:

> A. make a specific finding as to whether Plaintiff's past work as a kitchen helper constitutes past relevant work;
>
> B. reconsider the weight accorded to Dr. Garcia's opinions;
>
> C. make a specific finding as to whether Plaintiff's non-exertional and mental limitations significantly limit Plaintiff's basic work skills;
>
> D. consider whether, given Plaintiff's impairments, there are jobs in the national economy that Plaintiff can perform by calling a vocational expert to testify;
>
> E. make any other determinations consistent with this Opinion and Order, or in the interests of justice.

2. The Clerk of Court is directed to enter judgment in favor Plaintiff Rhodney Mills, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record