UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHODNEY MILLS,

    Plaintiff,

v.                                      Case No:   8:14-cv-2905-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Petition for Attorney's Fees (Doc. 27), filed on June 14, 2016. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $4,645.10. Plaintiff attaches an itemization of time confirming a total of 24.90 hours worked on this matter at a rate of $186.55 per hour in 2014 and 2015. Doc. 27-1 at 1-2. Plaintiff represents that the Commissioner has no objection to the Motion or relief requested. Doc. 27 at 2. For the reasons stated herein, the Motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on March 24, 2016 the Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 25. Judgment was entered the next day. Doc. 26. Plaintiff also asserts that the he is the prevailing party and that his net worth at the time this proceeding was filed was less than two million dollars. Doc. 27 at 1-2. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work he performed in 2014 and 2015. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $186.55 per hour in 2014 and 2015 is an appropriate and reasonable hourly rate.

Plaintiff's counsel also has submitted timesheets that include an itemization of legal services performed. Doc. 27-1 at 1-2. Counsel spent a total of 24.9 hours of work in 2014 and 2015 on Plaintiff's case. *Id.* After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Petition for Attorney Fees (Doc. 27) is **GRANTED**. Attorney's fees in the amount of $4,645.10 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $4,645.10.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record